## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SAM ZED WONG,
an individual,

                                                    Case No.:

      Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS, INC.
a foreign for-profit corporation,

      Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, SAM ZED WONG (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, LEXISNEXIS RISK SOLUTIONS, INC. (hereinafter, "Defendant" or "Lexis"), In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action brought by an individual consumer for damages for Lexis's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Lexis improperly credit-reported and subsequently verified objectively-inaccurate information respectively, on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Lexis.

## JURISDICTION, VENUE & PARTIES

2.     Jurisdiction of this Court arises under 28 United States Code, Section

1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

3.    Lexis is subject to the jurisdiction of this Court, as Lexis regularly transacts business in this District.

4.    Venue is proper in this District as Lexis conducts business in this District, and the acts and transactions described herein occur in this District.

5.    At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

6.    At all material times herein, Lexis is a Georgia corporation with its principal place of business located at 1000 Alderman Drive, Alpharetta, Georgia 30005.

## FCRA STATUTORY STRUCTURE

7.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

8.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

9.    Under the FCRA, if a consumer disputes the completeness or accuracy

of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

10.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

11.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

12.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other

consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

13.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

14.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

15.     At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

16.     At all material times herein, Lexis, themselves and through their subsidiaries, each regularly services consumer credit and credit-reports information associated with the same in Pinellas County, Florida.

17.     At all material times herein, Lexis is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages

in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Lexis disburses such consumer reports to third parties under contract for monetary compensation.

18.     At all material times herein, Lexis acts themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

19.     All necessary conditions precedent to the filing of this action occurred, or Lexis waived or excused the same.

## FACTUAL ALLEGATIONS

20.     During or about 2024, Plaintiff sought car insurance quotes from several companies while trying to obtain car insurance.

21.     As part of its screening and approval process, Plaintiff's Lexis Report was accessed and obtained.

22.     Unbeknownst to Plaintiff, his Lexis Report was flooded with inaccurate and derogatory information.

23.     Specifically, a "Samuel Wong" was listed on his Lexis Report, with an incorrect date of birth in May 1987, and including an automobile insurance claim that was not Plaintiff's from October 2022.

24.     Additionally, Plaintiff's Lexis Report included the following addresses not belonging to Plaintiff:

    a.  50 W 34TH ST 25C5 APT, NEW YORK, NY 100013096,

    b.  414 HAWTHORNE AVE, STATEN ISLAND, NY 103144231,

> c.  5 STUYVESANT OVAL 3D APT, NEW YORK, NY 100092136,
>
> d.  410 E 20TH ST 8D APT, NEW YORK, NY 100098115,
>
> e.  6 STUYVESANT OVAL TA APT, NEW YORK, NY 100092407,
>
> f.  628 KLONDIKE AVE, STATEN ISLAND, NY 103146106,
>
> g.  82 NASSAU ST, NEW YORK, NY 100383703,
>
> h.  625 E 14TH ST MG APT, NEW YORK, NY 100093224,
>
> i.  626 E 20TH ST MF APT, NEW YORK, NY 100091510,
>
> j.  52 CHAMBERS ST LBBY, NEW YORK, NY 100071222,
>
> k.  732 60TH ST, BROOKLYN, NY 112204221, and
>
> l.  414 HAWTHORNE AVENUE 58, STATEN ISLAND, NY 10314.

25.    As a result, Plaintiff was denied car insurance.

26.    Plaintiff contacted his current insurer, GEICO, and requested a claim summary.

27.    On or about November 4, 2024, and in response to Plaintiff's claim summary request, GEICO sent a letter to Plaintiff, confirming that Plaintiff was insured under the policy and informing Plaintiff that no claims were reported for him under the policy.

## **PLAINTIFF'S DISPUTES**

28.    Prior to December 30, 2024, Plaintiff disputed the inaccurate information contained on his Lexis Report to Lexis.

29.    In response to Plaintiff's First Dispute Letter, Lexis corrected the inaccurate automobile accident information reporting on Plaintiff's Lexis Report.

30.    However, Lexis failed to correct any of the inaccurate personal information reporting on Plaintiff's Lexis Report, including the incorrect name, date of birth, and addresses.

31.    As of the date of this Complaint, Lexis continues to report inaccurate personal information on Plaintiff's Lexis Report.

## DAMAGES

32.    As a result of Lexis's unlawful reporting of the inaccurate information, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that he would be denied further credit as a result of the erroneous and incorrect reporting of the information, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

33.    Overall, Plaintiff suffered damage to his credit reputation as a result of Lexis's conduct.

34.    Plaintiff was denied car insurance by Progressive.

35.    Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Lexis, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

36.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Lexis.

37.    As a result of Lexis's conduct, actions, and inactions, Plaintiff was

deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Lexis's derogatory and continued reporting of the Account and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the inaccurate information.

38.     Additionally, as a result of Lexis's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite disputing the inaccurate information, Plaintiff must simply endure Lexis's unlawful reporting.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

39.     Lexis is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

40.     Lexis willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the inaccurate information.

41.     Despite Plaintiff's dispute advising Lexis of the inaccurate information and providing proof of the same, Lexis continued to unlawfully report the inaccurate

8

personal information.

42.    Such reporting of the inaccurate information is false and evidences Lexis's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

43.    The automobile accident on Plaintiff's Lexis credit report or credit file is a result of a mixed file.

44.    As such, it is inaccurate and/or materially misleading to report the automobile accident.

45.    Between about October 2022 and the date of this Complaint, Lexis generated and published Plaintiff's credit reports to Plaintiff's current and potential insurers including the above-referenced inaccurate, incomplete, and/or materially misleading information.

46.    Overall, Lexis willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Lexis credit reports and credit file.

47.    As a result of Lexis's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making additional credit applications as he believed she would not be able to obtain favorable credit terms as a result of Lexis's derogatory and continued reporting of the inaccurate information and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that

reported the inaccurate information.

48.    Lexis's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

49.    Lexis's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Lexis's conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against Lexis for maximum statutory damages for violations of the FCRA;

b.    Actual damages in an amount to be determined at trial;

c.    Compensatory damages in an amount to be determined at trial;

d.    Punitive damages in an amount to be determined at trial;

e.    An award of attorney's fees and costs; and

f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

### PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION

Plaintiff, SAM ZED WONG, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Jon P. Dubbeld, Esq. as Lead Counsel for Plaintiff.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
11300 4th Street North, Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*